**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 09-1740 VAP(OPx)                             Date: March 18, 2010

Title:   MICHAEL JAMES BERRY, et al. -v- COUNTRYWIDE HOME LOANS, INC., et al.
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                        None Present
   Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                            DEFENDANTS:

   None                                                       None

PROCEEDINGS:    MINUTE ORDER (1) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY; AND (2) VACATING MARCH 22, 2010 HEARING ON THE MOTION TO DISMISS (IN CHAMBERS)

     On July 7, 2009, Plaintiffs Michael James Berry and Tiffany Nicole Berry ("Plaintiffs") filed a Complaint against Defendant Countrywide Home Loans, Inc.; Recontrust Company, N.A ("Recontrust") (collectively, "Defendants"), and DOES 1 to 20 inclusive.  On September 14, 2009, Defendant Recontrust removed the action to this Court on the basis of federal question jurisdiction. (See Not. of Removal ¶ 4.)  On February 10, 2010, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  On March 4, 2010, Plaintiffs filed Opposition.  On March 11, 2010, Defendants filed a Reply

EDCV 09-01740 VAP (OPx)
MICHAEL BERRY JAMES, et al. v. COUNTRYWIDE HOME LOANS, et al.
MINUTE ORDER of March 18, 2010

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 USC § 1447(c). Whether or not a party questions the court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990).

Defendant Recontrust claims the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because "Plaintiffs bring claims arising under federal laws, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq.; though inartfully pled." (Not. of Removal ¶ 4.)

It is clear from the face of the Complaint, however, that Plaintiffs here plead only state law claims: (1) Violation of the Mortgage Relief Act, Cal. Civ. Code § 2923.5 and Senate Bill 1137; (2) Cancellation and set aside of trustee's sale, pursuant to Cal. Civ. Code § 2923.5 and Senate Bill 1137; (3) Injunctive relief, pursuant to Cal. Civ. Code § 2923.5 and Senate Bill 1137; (4) Declaratory relief; (5) Intentional misrepresentation; (6) Negligent misrepresentation; (7) Breach of fiduciary duty; (8) Rescission based upon violations of the Cal. Fin. Code § 4970, et seq; (9) Breach of contract and specific performance; and (10) Breach of the implied covenant of good faith and fair dealing. See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Furthermore, Plaintiffs do not refer to federal law in the Complaint. Accordingly, Defendant Recontrust has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

The removing Defendant has not met its burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County. The Court VACATES the hearing on the Defendants' Motion to Dismiss, set for hearing on March 22, 2010. The Court declines to decide the Motion to Dismiss, as it lacks jurisdiction over this action.

**IT IS SO ORDERED.**